UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 04-cv-117-HRW

RITA SIBLEY, BETTY SEE,
and MARY JANE HALL,                                                    PLAINTIFFS,


v.                          **MEMORANDUM OPINION**


PROGRESSIVE MAX INSURANCE COMPANY,
and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                                     DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court upon Plaintiff Betty See's Motion for Ruling on Priority of Underinsured Coverages and to Refer this Matter to Magistrate Judge James Todd for Mediation [Record No. 19]. The Court, having reviewed the record and being otherwise sufficiently advised, hereby sustains the Plaintiff's Motion for Ruling on Priority of Underinsured Coverages and the Motion to Refer this Matter to Magistrate James Todd for Mediation.

*FACTS:*

This action stems from a car accident in Lawrence County, Kentucky, which occurred on May 24, 2003, when the vehicle of Lisa Ratliff crossed the center line and struck the vehicle of Rita Sibley, in which Betty See and Mary Jane Hall were

riding as passengers.

Ms. Sibley, Ms. See, and Ms. Hall (collectively, "Plaintiffs") asserted claims against Ms. Ratliff, alleging that they sustained severe injuries as a result of the accident. However, Ms. Ratliff, who had a policy of insurance with State Farm, with limits of $25,000.00 per person, and $50,000.00 per accident, was underinsured. Thus, the Plaintiffs agreed to divide the proceeds under Ms. Ratliff's insurance policy up to the policy limits.

On June 3, 2004, the Plaintiffs filed this action against their own insurers, Progressive Max Insurance Company ("Progressive Max") and State Farm Mutual Automobile Insurance Company ("State Farm"), seeking to recover underinsured motorist's coverage ("UIM coverage"). Ms. Sibley was insured by Progressive Max under a policy which provided coverage in the amount of $100,000.00 per person and $300,000.00 per accident. Ms. Sibley's passengers – Ms. Hall and Ms. See – were covered under her policy as "occupants" of the vehicle. Additionally, Ms. See was covered under the terms of her husband's personal automobile insurance policy with State Farm, which provided coverage in the amount of $100,000.00 per person and $300,000.00 per accident.

Progressive Max removed the action to this Court pursuant to 28 U.S.C. § 1332 diversity jurisdiction, and this dispute arose as to insurance coverage for Ms.

See. While Progressive Max and State Farm agree that Ms. See is an insured under their respective policies, they contest the priority in which they are to provide Ms. See with UIM coverage.

Both the Progressive Max and State Farm policies contain "other insurance" clauses with respect to UIM coverage. The State Farm policy provides that:

> 1. If underinsured motorists coverage for bodily injury is available to an insured for more than one policy provided by us or any other insurer, any coverage applicable under this policy shall apply:
>
> b. on an excess basis if the insured sustains bodily injury while occupying a vehicle other than your car.

Moreover, the State Farm policy provides that if one or more policies are both considered to be excess, then such coverage should be shared on a pro rata basis:

> 2. Subject to item 1 above, if this policy and one or more policies provide coverage for bodily injury:
>
> b. On an excess basis, we are liable only for our share. Our share is that percent of the damages payable on an excess basis that the limit of liability of this policy bears to the total of all applicable underinsured motor vehicle coverage provided on an excess basis.

Similarly, the Progressive Max policy provides that:

> If there is other applicable uninsured or underinsured motorist's coverage, then we will pay only our share of the damages. Our share is the proportion that our limit of liability bears to the total of all applicable coverage limits. However any insurance we provide shall be excess over any other uninsured or underinsured motorist's

coverage, except for bodily injury to you[1] or a relative[2] when occupying a covered vehicle.

On December 21, 2004, Ms. See filed the instant Motion for Ruling on Priority of Insurance Coverage and to Refer the Matter to Magistrate Todd for Mediation.  Thereafter, on December 27, 2004, the Court entered an order, directing Progressive Max and State Farm to file simultaneous briefs addressing which insurer is responsible for primary insurance coverage with regard to Ms. See.  Pending a ruling on the issue, the Court held in abeyance the Plaintiff's Motion to Refer this Matter to Magistrate Judge Todd for Mediation.

The Defendants have now briefed the issue of priority of UIM coverage for Ms. See.  Progressive Max takes the position that both of the "other insurance" clauses found in the policies mandate excess UIM coverage rather than primary UIM coverage, and that both policies should apply as primary UIM coverage on a pro-rata basis according to each policy's limits of liability.  For instance, if both policies provide $100,000.00 in UIM coverage, Progressive Max should pay 50%

---

[1]  "You" is defined in the policy as: a.) a person or persons shown as a named insured on the Declarations Page; and b.) the spouse of a named insured if residing in the same household.

[2]  "Relative" is defined in the policy as "a person residing in the same household as you, and related to you by blood, marriage, or adoption, including a ward, stepchild, or foster child.  Your unmarried dependent children temporarily away from home will be considered residents if they intend to continue to reside in your household."

of any UIM settlement or judgment and State Farm should also pay 50%.

State Farm, on the other hand, takes the position that the Progressive Max policy provides primary coverage for Ms. See and that the State Farm policy only applies as excess UIM over and above that coverage. In short, State Farm asks the Court ignore the excess insurance clause found in the Progressive Max policy and apply the clause set forth in the State Farm policy.

For the reasons set forth more fully herein, the Court concludes that the "other insurance" clauses of both policies require excess rather than primary insurance coverage, and that UIM coverage should be apportioned between the defendants on a pro-rata basis according to their limits of liability.

*ANALYSIS:*

In a diversity action involving an insurance contract, a federal court applies the substantive law of the forum state. *Talley v. State Farm Fire and Cas. Co.*, 223 F.3d 323 (6th Cir. 2000); *See*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Court concludes, and the parties do not dispute, that Kentucky law governs this diversity action involving UIM coverage.

At issue before the Court is the language of the "other insurance" clauses found in the respective insurance policies. Under Kentucky law, the rules governing construction of an insurance contract are the same as with any other

contract. It is well-settled that in the absence of ambiguity, a written instrument must be strictly enforced according to its terms, and courts must assign contract language its ordinary meaning. *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 105 (Ky. 2003). A policy of insurance, in particular, "must be construed according to its true character and purpose, and in accordance with the intentions and expectation interests of the parties." *Nat. Insurance v. Lexington Flying Club*, 603 S.W.2d 490, 483 (Ky. App. 1980).

State Farm and Progressive Max outwardly agree that State Farm's policy affords excess UIM coverage only. However, State Farm maintains that the Progressive Max policy affords primary rather than excess coverage, despite the plain language of the "other insurance" clause, which provides that Ms. See must be a named insured or a "relative" to receive primary coverage. State Farm makes several arguments in this regard.

First, State Farm argues that the Progressive Max policy should provide primary UIM coverage because "priority for application of policies run with the vehicle." Specifically, State Farm contends that UIM coverage on the vehicle actually involved in the accident is primary and all other coverages are secondary. In support of its argument, State Farm cites *Hamilton Mutual Insurance Co. v. US Fidelity and Guaranty Co.*, 926 S.W.2d 466 (Ky. App. 1996), and *Metcalf v. State*

*Farm Mutual Auto Insurance Company*, 944 S.W.2d 151 (Ky. App. 1997).

The Court finds State Farm's contention to be without merit. As correctly pointed out by Progressive Max, Kentucky courts have expressly held that UIM coverage, as distinct from other types of coverage, is personal to the insured and not connected to a particular vehicle. *See, Dupin v. Adkins*, 17 S.W.3d 538, 542 (Ky. App. 2000) (holding that "[t]he insured's status as an insured is alone a sufficient nexus for a claim of UIM benefits without the insured's actually being in a motor vehicle covered for UIM under the policy."); *Snodgrass v. State Farm Mut. Auto. Ins. Co.*, 992 S.W.2d 855, 857 (Ky. App. 1998).

Further, the Court notes that *Hamilton Mutual* does not support State Farm's argument, as State Farm has misread the facts of that case. State Farm would have the Court believe that the *Hamilton Mutual* court considered an "other insurance" clause "almost identical to that provision of the Progressive Max policy under consideration" and determined that the insurer was primarily liable based on the clear language of the policy. State Farm is incorrect. The holding of *Hamilton Mutual* rested upon an entirely different "other insurance clause."

In *Hamilton Mutual*, the Plaintiffs were injured when their vehicle collided with another vehicle. *Hamilton Mutual, supra* at 467. The vehicle was insured by USF&G, which contained UIM coverage. *Id.* The insured also owned two other

automobiles, one of which was insured by Hamilton Mutual Insurance Company, and the other by United Services Auto Association ("USAA"). *Id.* The Hamilton Mutual and USAA policies also afforded UIM coverage. *Id.*

The issue before the Court of Appeals was the priority of UIM coverage among the three policies. *Id.* at 468. First, the court examined the language of the three "other insurance" clauses. *Id.* The "other insurance" clause in the USF&G policy covering the vehicle explicitly provided that: "For any covered 'auto' you own, this coverage form provides primary insurance." *Id.* at 470. This was in contrast with the "other insurance" clauses in the Hamilton Mutual and USAA policies, both of which clearly indicated that UIM coverage was excess over any other collectible UIM coverage. *Id.* The court therefore found USF&G's UIM coverage to be primary and both Hamilton Mutual and USAA's UIM coverage to be excess "based upon the plain language of the policies." *Id.*

In the instant case, the "other insurance" clause found in the Progressive Max policy is distinct from the clause in the USF&G policy – it does not provide that UIM coverage will be primary unless the claimant is a "named insured" or a "relative." State Farm does not allege that Ms. See was either a named insured or a relative. Thus, the Court concludes that *Hamilton Mutual* does not stand for the proposition that UIM coverage on an occupied vehicle is primary, in spite of an

"other insurance" clause which provides that coverage shall be excess.

State Farm also cites *Metcalf v. State Farm Mutual Auto Insurance Company*, 944 S.W.2d 151 (Ky. App. 1997). The *Metcalf* decision, however, did not address the issue of UIM priority. *Id.* Rather, the Court of Appeals simply noted, in *dicta*, its approval of the trial court's finding that a particular insurer provide primary UIM coverage "under the facts of [the] case," and then cited *Hamilton Mutual*. *Id.* The *Metcalf* court did not discuss the trial court's finding, nor did it state that as a general rule UIM coverage on an occupied vehicle is always primary. *Id.* As such, the Court finds that *Metcalf* provides no support for State Farm's argument.

Next, State Farm argues that Ms. See is insured as an occupant under the Progressive Max policy, yet the "other insurance" clause attempts to "completely exclude Ms. See since she was not the named insured or a relative." State Farm suggests that this is contrary to the original language providing coverage and the "dictates of *Hamilton Mutual*." This argument is unpersuasive – the Progressive Max policy merely states that if the insured is neither a named insured nor relative, then coverage is excess rather than primary, not that the individual is "completely excluded" under the policy.

For the foregoing reasons, the Court concludes that both policies provide

only for excess UIM coverage, based on the plain language of the "other insurance" clauses. As such, the Court must address the proper apportionment, given the competing excess clauses. Progressive Max argues that, where two policies contain excess "other insurance" clauses in the UIM context, coverage should apply on a pro-rata basis according to the policies' respective limits of liability. Progressive Max suggests that there is no controlling case law on this specific issue.

Ordinarily, a federal court sitting in diversity must follow the state's highest court when that court has addressed the relevant issue. *Id.*, citing *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999). However, when evaluating an undecided question of law, the Court must make the "'best prediction, even in the absence of direct state precedent, of what the Kentucky Supreme Court would do if it were confronted with [the] question.'" *Combs v. International Ins. Co.*, 354 F.3d 568 (6th Cir. 2004), citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If the relevant state judiciary has not spoken to the issue, courts sitting in diversity should consider "all relevant data," *Kingsley Associates, Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir. 1995), including jurisprudence from other jurisdictions, *Lexington Insurance Co. v. Rugg & Knopp, Inc.,* 165 F.3d 1087, 1090 (7th Cir. 1999).

The Kentucky Court of Appeals has addressed the relevant issue in *Hamilton Mutual*, that is, the issue of apportionment where insurance policies contain competing excess clauses. The Court reasoned as follows: "[s]ince both applicable policies contain excess clauses, such is effectively nullified and Hamilton and USAA shall be deemed co-insurers with the obligation to provide pro rata coverage toward any excess amount remaining after USF&G has exhausted its limits." *Hamilton Mutual, supra* at 270, citing *Hancock v. Western Casualty & Surety Co.*, 154 F.Supp. 164 (E.D. Ky. 1957).

Likewise, with respect to liability insurance, Kentucky courts have held that, when two policies contain excess "other insurance" clauses, coverage should be apportioned on a pro rata basis according to the policies' respective limits of liability. *Aetna Insurance Co. v. State Automobile Mutual Insurance Co.*, 368 F.Supp. 1278, 1280 (W.D. Ky. 1973); *Omni Insurance Co. v. Kentucky Farm Bureau Insurance Co.*, 999 S.W.2d 724 (Ky. App. 1999).

Other jurisdictions have also addressed the issue of apportionment in the UIM context and the UM context where there are competing excess insurance clauses. For instance, in *Motor Club Insurance Company*, 508 N.W.2d 634, 637 (Iowa 1993), the Iowa Supreme Court held that when two UIM policies covering the same loss both apply as excess coverage under the terms of the policies, the

loss must be pro-rated between the two insurers.  The Florida Supreme Court reached the same result in *Sellers v. USF&G*, 185 So.2d 689 (Fla. 1966), concluding that "the fairest solution would be to...prorate the loss between the carriers in the proportion that the policy limits bear to the total amount of insurance available." *Id.* at 691.

The Court adopts the Kentucky Court of Appeal's holding in *Hamilton Mutual*, and conclude  that, as in the instant case, where there are competing excess insurance clauses in the UIM context, coverage should be apportioned on a pro rata basis according to the parties' respective limits of liability.  Notwithstanding *Hamilton Mutual*, the Court predicts that, based on existing case law, the Kentucky Supreme Court would so hold if confronted with the question.

## *CONCLUSION:*

In sum, the Court concludes that both "other insurance" clauses clearly provide only for excess insurance coverage under both the Progressive Max and State Farm policies.  The Court finds State Farm's arguments to the contrary to be without merit.  Further, *Hamilton Mutual* provides that two competing excess clauses cancel each other out, and as such, both insurers should provide coverage on a pro rata basis.  Thus, having carefully considered the pleadings and being otherwise sufficiently advised, the Court finds that primary insurance coverage for

Plaintiff Betty See should be apportioned between the Defendants on a pro rata basis according to their limits of liability.

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

(1) Plaintiff Betty See's Motion in Limine for Ruling on Priority of Underinsured Coverages [Record No. 19] is **SUSTAINED**;

(2) the Defendants, Progressive Max and State Farm, are responsible for primary insurance coverage on a pro rata basis according to their limits of liability; and

(3) Plaintiff's Motion to Refer this Matter to Magistrate Judge James Todd for Mediation [Record No. 19] is **SUSTAINED**.

This April 29, 2005.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge